IT IS ORDERED

Date Entered on Docket: September 13, 2019

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HERBERT HENRY BENALLY | § | CASE NO. 19-11477-j7 |
| AND | § | |
| RUBY ANN BENALLY, | § | CHAPTER 7 |
| | § | |
| *Debtors.* | § | |

### DEFAULT ORDER GRANTING 21ST MORTGAGE CORPORATION RELIEF FROM STAY AND ABANDONMENT OF 2016 MANUFACTURED HOME

This matter came before the Court on the Motion for Relief from Stay and to Abandon a 2012 manufactured home filed on August 13, 2019 ( Docket No.12) (the "Motion") by 21st Mortgage Corporation ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On August 13, 2019, Movant served the Motion and a Notice of the Motion (the "Notice") on Debtor, by U. S. First Class Mail as listed on creditor matrix and the Debtor's attorney and case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on all parties listed on the Debtor's creditor matrix by U. S. First Class Mail, in accordance with

Bankruptcy Rules 7004 and 9014.

    (b)    The Motion relates to the following: 2016 CAVCO 110 Model Manufactured Home, Serial Number CAV110AZ1614906AB (the "Property");

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on September 6, 2019;

    (f)    As of September 9, 2019 neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on September 9, 2019 her assistant personally contacted the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

    1.    Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

        (a)    To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of

competent jurisdiction; and

  (b)  To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Movant may filed an amended proof of claim in this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed. R. Bankr. P. 4001(a)(3) is waived.

*** END OF ORDER ***

Submitted by:


By:     */s/ Susan P. Crawford*
        Susan P. Crawford

CRADDOCK DAVIS & KRAUSE LLP
210 Montezuma Ave.  Suite 200
Santa Fe, NM 87501
505 820 3368
214 336 6430 (Direct)
214 750 3551 (Fax)
*Attorneys for*
*21st Mortgage Corporation*

**Copies to:**

**Debtor**
Herbert Henry Benally
6 Road 5591
Farmington, NM 87401

**Debtor**
Ruby Ann Benally
6 Road 5591
Farmington, NM 87401

**Counsel for Debtors**
Kemp S. Lewis
3005 Northridge Dr., Suite H
Farmington, NM 87401-2085
Email:  kemp@lewislawpc.com

**Trustee**
Edward Alexander Mazel
Askew & Mazel, LLC
1122 Central Ave. S.W., Suite 1
Albuquerque, NM 87102
Email: edmazeltrustee@askewmazelfirm.com

**US Trustee**
United States Trustee
PO Box 608
Albuquerque, NM 87103